**Commonwealth ex rel. Davison v. Guinter**

*Candor, Youngman & Gibson,* for petitioner.
*Clyde E. Carpenter, Jr.,* for respondent.

WILLIAMS, P. J., June 30, 1953.—Wayne M. Davison has petitioned in habeas corpus asking for the custody of his two children, Cherie Lynn Davison, aged eight, and Bonnie Jill Davison, aged two. These two small children are living with their mother in Williamsport.

It appears from the testimony that petitioner secured a divorce from Loreley Faye Davison, now married to William Guinter. Petitioner and Mrs. Guinter have five children, and the Montana court which decreed the divorce gave custody of the three older children to petitioner; Mrs. Guinter received custody of the two younger children, the subject of this proceeding. After the divorce decree both parties remarried. After her marriage to William Guinter, Loreley Faye Davison and the two children came to Williamsport.

In a petition such as this the paramount issue is the best interest and permanent welfare of the child. In the opinion of the court the best interest and permanent welfare of the two children, Cherie Lynn Davison and Bonnie Jill Davison, is with their mother. According to the testimony in the case the children are living in a substantial home with their mother and William Guinter in the City of Williamsport. William Guinter is making approximately $70 a week. Although William Guinter's parents also live in the home, the testimony shows a proper home and we therefore are of the opinion that the best interest of these children is with their mother.

Petitioner claims, however, that the decree of the Montana court is such that the children are still under the jurisdiction of the Montana court and that this court should give full faith and credit to the judicial proceedings of Montana under article 4, sec. 1, of the Constitution of the United States. The Montana decree in no way directs that the children should live in

Montana. Even though it did, it has been held that where there have been changed conditions, custody change is justified: Helton et al. v. Crawley, 241 Iowa 296, 41 N. W. 2d 60 (1950). Where jurisdiction over custody of minor children has been exercised by the court of one State and thereafter a child becomes domiciled in another State, and there has been a substantial change in circumstances following entry of the original decree that affects the welfare of the child, the courts of the latter State may assume and exercise jurisdiction of equitable nature respecting custody, and article 4, sec. 1, of the Constitution of the United States does not bar such inquiry: Application of Lorenz v. Royer et ux, 194 Oregon 355, 241 P. 2d 142 (1952). It has been held in In re custody of Minor Children of Rosenthal, 103 Pa. Superior Ct. 27, that even the decree of a court of a sister State awarding the custody to the mother, may not be binding upon our courts. Also see May v. Anderson, 345 N. S. 528.

In the instant case, the Montana decree gives custody to Mrs. Guinter. Even though custody had been given to petitioner we are of the opinion that we would have the right to give the custody to Mrs. Guinter, for her conditions have changed since the original order of the Montana court. She has remarried, and appears happily so; she has a good home for the children, and we think it is for their best permanent welfare that they remain with her.

### Order

And now, June 30, 1953, custody of Cherie Lynn Davison and Bonnie Jill Davison is directed and ordered to be in Loreley Faye Davison Guinter of Williamsport, Pa. Petitioner is to be allowed to visit the children at reasonable times in their mother's home. Costs on petitioner.